UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Burgess, | ) C/A No. 4:09-1247-RBH-TER |
|           Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| | ) **for Partial Summary Dismissal** |
| William Jefferson Clinton; | ) |
| Lynn Martin; | ) |
| James B. Ellisor; | ) |
| Jim Hodges; | ) |
| William Doug Catoe; | ) |
| George W. Bush; and | ) |
| Carroll A. Campbell, Jr., | ) |
|           Defendants. | ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Plaintiff's complaint is subject to review pursuant to the inherent authority of this Court.[1] *E.g., Rolle v. Berkowitz*, No. 03

---

[1] Authority in this District indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in *pro se* non-prisoner fee-paid cases. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8-10 (D.S.C. June 25, 2008) (finding persuasive the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*); *Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order)(finding that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case). This Court is *not* conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2).

1

Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (finding it appropriate to dismiss *sua sponte* and with prejudice a fee-paying *pro se* plaintiff's action, because the court determined that the claims presented no arguably meritorious issue to consider); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (dismissing a non-prisoner *pro se* fee-paid civil action because it presented no arguably meritorious claim). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) (mentioning in *dicta* that "[s]tatutory provision may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous").

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the complaint is subject to partial summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff filed the instant fee-paid action on May 12, 2009. (Docket Entry No. 1). Plaintiff

2

states he was incarcerated "from September 1987 until 1992 and 1995 to 1999." During these periods of incarceration, Plaintiff claims the Defendants violated his constitutional rights in the following manner: (1) by cancelling Plaintiff's voting rights; (2) by paying Plaintiff "slave" wages; and (3) by placing Plaintiff as a supervisor over other prisoners. Plaintiff seeks monetary damages for the Defendants' actions.

## Discussion

Plaintiff claims that various state and federal actors violated Plaintiff's constitutional rights during his periods of incarceration. Thus, the complaint is construed as a civil rights action filed pursuant to 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[2] A legal action under § 1983/*Bivens* allows "a party who has been deprived of a federal right under the color of state [or federal] law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983/*Bivens*, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state [or federal] law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2] "*Bivens*" is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14, 18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

Although Plaintiff names several federal and state actors who may be amenable to suit under § 1983/*Bivens,* Plaintiff has named two Defendants in the present action, William Jefferson Clinton and George W. Bush, who are immune from suit under §1983/*Bivens.* The United States Supreme Court has recognized the defense of "absolute immunity" for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Included in this list are "legislators, in their legislative functions . . . judges, in their judicial functions . . . and the President of the United States." *Id*. (citations omitted). *See also Hafer v. Melo*, 502 U.S. 21, 29 (1991). In the instant complaint, Plaintiff names two former Presidents: William Jefferson Clinton and George W. Bush. As Plaintiff names these two Defendants for actions taken in their official capacities as President of the United States, Defendants Clinton and Bush are protected by absolute immunity and are entitled to summary dismissal from this suit.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case as to Defendants Clinton and Bush *without prejudice* and without issuance and service of process for these Defendants. Process shall issue for service of the remaining Defendants. Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III.
United States Magistrate Judge

June 11, 2009
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).