UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HENRY BURGESS, | Civil Action No.: 4:09-cv-1247-RBH-TER |
| Plaintiffs, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| WILLIAM JEFFERSON CLINTON, LYNN MARTIN, JAMES B. ELLISOR, JIM HODGES, WILLIAM DOUG CATOE, GEORGE W. BUSH, and CARROLL CAMPBELL, JR., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff, proceeding pro se, alleges that his constitutional rights were violated during his periods of incarceration, from September 1987 until 1992 and 1995 to 1999, because his voting rights were violated, he was paid slave labor, and he was placed as a supervisor over other prisoners. Presently before the Court are Defendant Lynn Martin's Motion to Dismiss (Document # 31) and Defendants James B. Ellisor's, Jim Hodges', William Doug Catoe's and Carroll A. Campbell's Motion to Dismiss (Document # 35).[1] Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motions to Dismiss could result in dismissal of his Complaint. Plaintiff filed Responses (Documents # 34, 39) to both Motions.

All pretrial proceedings in this case were referred to the undersigned pursuant to the

---

[1] Defendants William Jefferson Clinton and George W. Bush have been dismissed from this action. See Order dated July 10, 2009 (Document # 23).

provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motions are dispositive, this Report and Recommendation is entered for review by the district judge.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1), Fed.R.Civ.P.

When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 766 (4th Cir.1991). When evaluating a challenge to jurisdiction under Rule 12(b)(1) the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982); see also Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768.

### B. Rule 12(b)(6), Fed.R.Civ.P.

The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the

> defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

### III. DEFENDANT MARTIN'S MOTION TO DISMISS

Defendant Martin is the former Secretary of Labor for the United States. Plaintiff's only allegation against Martin is that she "was Secretary of Labor during my incarceration; when I was paid slave labor." Complaint p. 5. Plaintiff seeks 21 million dollars in damages. Complaint p. 6. Defendant Martin argues that this Court lacks jurisdiction over Plaintiff's claims against her in her official capacity as Secretary of Labor for the United States.

Federal courts have power under 28 U.S.C. § 1331 (1994) to award damages occasioned by infringements by federal officials in their individual capacities of constitutionally protected interests. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); see Radin v. United States, 699 F.2d 681, 684 (4th Cir.1983) ( Bivens recognized an action against federal officers sued in individual capacities, but not against the United States). Bivens claims are not actionable against the United Sates, federal agencies, or public officials acting in their official capacities. FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); see also United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (the United States cannot be sued without its express consent.); Radin v. United States, 699 F.2d 681, 685 (4th Cir.1983); Keene Corp. v. United States, 700 F.2d 836, 845 n. 13 (2d Cir.1983) ( Bivens does not

allow for recovery of money damages, or suits in general, against the government itself.).

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The doctrine of sovereign immunity, however, shields the United States from suit absent a waiver of this immunity, i.e., its consent to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). The United States has not waived its sovereign immunity for constitutional misconduct. See F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994), (holding actions for constitutional torts may not lie against the United States).

As set forth in the Complaint, Plaintiff named Defendant Martin as a Defendant in this action because she was the Secretary of Labor at the time he was allegedly "paid slave labor." Plaintiff has not alleged that Defendant Martin personally violated his constitutional rights. She was named in this case because of the position she held at the time of the alleged violations. Thus, Plaintiff's claims are against Defendant Martin in her official capacity. Further, Plaintiff seeks only monetary damages. Therefore, the claims against Defendant Martin are barred by the doctrine of sovereign immunity and should be dismissed.

## IV.   REMAINING DEFENDANTS' MOTION TO DISMISS

Defendants Ellisor, Hodges, Catoe and Campbell argue that Plaintiff's claims are barred by the statute of limitations. Plaintiff alleges that Ellisor was the Executive Director of Voters Registration during his incarceration and that Ellisor cancelled his voting rights, Campbell and Hodges both served as Governor of South Carolina during Plaintiff's incarceration, and Catoe served as South Carolina Prison Chief "when slave labor was paid to prison inmates." Complaint p. 5. Plaintiffs' claims against these Defendants arise under either 42 U.S.C. § 1983 or the South Carolina Tort Claims Act (SCTCA).

As stated above, Plaintiffs' claims arise out of his incarceration from 1987 to 1992 and 1995 to 1999.

Section 1983 does not contain an express statute of limitations. Therefore, in determining the proper statute of limitations in a § 1983 claim, the United States Supreme Court has found that the federal court should adopt the forum state's statute of limitations for personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute on other grounds as stated in Jones v. R .R. Donnelley & Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); see Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir.1991) (stating that since "there is no federal statute of limitations applicable to suits under § 1983, it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations") (internal citations omitted). Under South Carolina law, the statute of limitations for a personal injury claim in three years. See S.C.Code Ann. § 15-3-530(5). Thus, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years." Hamilton v. Middleton, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003); see Hoffman v. Tuten, 446 F.Supp.2d 455, 459 (D.S.C.2006). Actions must be commenced within three years after the plaintiff knew, or by the exercise of reasonable diligence should have known, that a cause of action existed. S.C. Code Ann. § 15-3-530. Plaintiff's claims arose at the latest in 1999, when he was last incarcerated. Plaintiff does not argue otherwise. Plaintiff's Complaint, filed May 12, 2009, is clearly outside the applicable three-year statute of limitations. Furthermore, under the SCTCA, an action must be commenced within two years of the incident giving rise to the cause of action. S.C.Code Ann. §§ 15-78-100 and 15-78-110; Hackworth v. Greenville County and Greenville County Sheriff's Department, 371 S.C. 99, 637 S.E.2d 320, 322 (S.C.Ct.App.2006). Plaintiff's claims clearly fall outside this limitations period as well. Because Plaintiff's claims are barred by the applicable statutes of limitation, dismissal is appropriate.

## V. CONCLUSION

For the reasons discussed above, it is recommended that Defendant Lynn Martin's Motion to Dismiss (Document # 31) be granted, Defendants James B. Ellisor's, Jim Hodges', William Doug Catoe's and Carroll A. Campbell's Motion to Dismiss (Document # 35) be granted and this case be dismissed in its entirety.

                                                                             s/Thomas E. Rogers, III
                                                                             Thomas E. Rogers, III
                                                                             United States Magistrate Judge

June 21, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**