IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HENRY BURGESS, ) | Civil Action No.: 4:09-cv-01247-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WILLIAM JEFFERSON CLINTON, ) | |
| LYNN MARTIN, JAMES B. ELLISOR, ) | |
| JIM HODGES, WILLIAM DOUG ) | |
| CATOE, GEORGE W. BUSH, and ) | |
| CARROLL CAMPBELL, JR., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court grant Defendants' Motions to Dismiss [Docket #s 31 & 35].

**Procedural History**

This case was initiated on May 12, 2009, when the Plaintiff filed a pro se Complaint alleging that his constitutional rights were violated during his periods of incarceration, from September 1987 until 1992 and 1995 to 1999, because his voting rights were violated, he was paid slave labor, and he was placed as a supervisor over other prisoners. On January 6, 2010, Defendant Lynn Martin filed a Motion to Dismiss. On February 15, 2010, the remaining

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

Defendants[2] also filed a Motion to Dismiss. Because the Plaintiff is proceeding pro se, he was advised that a failure to respond to the Motions to Dismiss could result in dismissal of his Complaint. Subsequently, the Plaintiff filed Responses [Docket #s 34 & 39] to both Motions. On March 30, 2010, the Defendants filed replies to the Plaintiff's Responses. On June 21, 2010, the Magistrate Judge issued the R&R recommending that the Defendants' Motions to Dismiss be granted, and this case be dismissed in its entirety. The Plaintiff filed timely objections to the R&R, and this matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

---

[2]Defendants William Jefferson Clinton and George W. Bush have been dismissed from this action. *See* July 10, 2009 Order [Docket # 23].

2

**Discussion**

First, the Magistrate Judge recommends dismissing Defendant Lynn Martin because the Court lacks jurisdiction over the Plaintiff's claims against her in her official capacity as Secretary of Labor for the United States. In his objections, the Plaintiff argues that the Court should exercise jurisdiction over Defendant Lynn Martin because, as Secretary of Labor for the United States, she "was an elected/appointed employee chosen to effectively represent and set guidelines for all working Americans whether bounded or free." *Objections,* p.1. However, because the Plaintiff's claims are against Defendant Lynn Martin in her official capacity and seek only monetary damages, said claims are barred by the doctrine of sovereign immunity. *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994); *United States v. Mitchell,* 463 U.S. 206, 212 (1983); *Radin v. United States,* 699 F.2d 681, 685 (4th Cir. 1983).

As to the Magistrate Judge's recommendation to dismiss the other Defendants based on the statute of limitations, the Plaintiff argues that "there is clearly no federal statute of limitations applicable to suits under 1983." *Objections,* p.3. However, in determining the proper statute of limitations in a § 1983 claim, "it is the rule that the applicable [statute of limitations] must be borrowed from the analogous state statute of limitations." *Nat'l Adver. Co. v. City of Raleigh,* 947 F.2d 1158, 1161 (4th Cir. 1991) (internal quotation marks and citations omitted). Specifically, the Supreme Court has found that federal courts should adopt the forum state's statute of limitations for personal injury claims for claims brought pursuant to § 1983. *Wilson v. Garcia,* 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 (2004). Under South Carolina law, the statute of limitations for a personal injury claim is three (3) years. S.C. Code Ann. § 15-3-530(5). Because the Plaintiff's claims could have arisen no later than in the year 1999 when he was last incarcerated,

his Complaint filed on May 12, 2009, was clearly filed outside of the applicable three-year statute of limitations.

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Defendants' Motions to Dismiss [Docket #s 31 & 35] are **GRANTED**.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
July 14, 2010